# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

MOHAWK INDUSTRIES, INC. and
SHAW INDUSTRIES, INC.,
　　　　　*Plaintiffs,*

　　　v.

INTERFACE, INC.

　　　　　*Defendant.*

Civil Action No.

4:07-CV-212-HLM

---

## MOHAWK INDUSTRIES, INC.'S STATEMENTS REGARDING
## INTERFACE'S NOTICE OF RULE 30(B)(6) DEPOSITION

Mohawk states that the statements which follow are subject to the objections previously submitted via letter on June 17th and July 7th, 2008, which objections Mohawk does not waive.

In regard to Topics 1, and 3-7 of Interface's Notice of Rule 30(b)(6) deposition upon Mohawk Industries, Inc. ("Mohawk"), Mohawk states as follows:

Mohawk's knowledge of the factual information sought in Topics 1, 3-7 is held solely by Mohawk's outside counsel (Alston & Bird, LLP) and Mohawk's in-house counsel (whose knowledge of these topics was learned solely from outside counsel).

In regard to Topic 2 of Interface's Notice of Rule 30(b)(6) deposition upon Mohawk Industries, Inc. ("Mohawk"), Mohawk states as follows:

The only Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Kilim Motif, Oblique, Plain Weave, Refractions, Sole Mates, Spaced Out, Stroud, Symbisois, and/or Tibetan Forest carpet tiles within Mohawk's possession are stored at the offices of Alston & Bird, LLP in Atlanta, Ga.

In regard to Topic 8 of Interface's Notice of Rule 30(b)(6) deposition, Mohawk states as follows:

Upon having made reasonable investigation, Mohawk is aware of no "efforts to publicize this case."

In regard to Topic 9 of Interface's Notice of Rule 30(b)(6) deposition upon Mohawk, Mohawk states as follows:

Upon having made reasonable investigation, Mohawk is aware of no "communications with any third party . . . regarding this case and/or Mohawk's allegations that Interface 'falsely marked' certain of its carpet tile products with the '656 Patent number," with the exception of communications with counsel for Shaw Industries, Inc., counsel for Collins & Aikman Floorcoverings, Inc., Plaintiffs' experts in this litigation, James Gould and Michael Milani, and persons providing court reporting and videography services.

In regard to Topic 10 of Interface's Notice of Rule 30(b)(6) deposition upon Mohawk, Mohawk states as follows:

Mohawk it is not presently aware of any *specific* instances in which it has changed its position or refrained from some action as a result of Interface's false marking of tiles with the '656 Patent. While Mohawk is not aware of any such specific instances, Mohawk states that at least any instances where Interface attempted to win or ultimately won a business opportunity either indirectly or directly as a result of its unlawful business practices in the marketplace, including but not limited to the false marking of tiles with the '656 Patent, would have been harmful to Mohawk. Mohawk further states that it has also been harmed for the reasons set forth in the expert report of James C. Gould, dated June 30, 2008.

In regard to Topic 11 of Interface's Notice of Rule 30(b)(6) deposition upon Mohawk, Mohawk states as follows:

After conducting a reasonable inquiry, Mohawk determined that no non-privileged documents responsive to Interface's document requests existed, and as such, no documents were produced.

In regard to Topic 13 of Interface's Notice of Rule 30(b)(6) deposition upon Mohawk, Mohawk states as follows:

All facts responsive to Topic 13 are privileged, and as such, any Mohawk

witness designated to testify on Topic 13 would be instructed not to answer

questions relating to that topic.

Respectfully submitted this 20th day of August, 2008.

_____
Frank G. Smith
Georgia Bar No. 657550
Robin L. McGrath
Georgia Bar No. 493115
Wesley C. Achey
Georgia Bar No. 340599
Scott P. Amy
Georgia Bar No. 141416
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

COUNSEL FOR PLAINTIFF MOHAWK
INDUSTRIES, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

MOHAWK INDUSTRIES, INC. and
SHAW INDUSTRIES, INC.,
       *Plaintiffs,*

     v.

INTERFACE, INC.
       *Defendant.*

Civil Action No.
4:07-CV-212-HLM

## DECLARATION

I hereby declare, under penalty of perjury of the laws of the United States of

America, that the foregoing Mohawk Industries, Inc.'s Statements Regarding

Interface's Notice of Rule 30(b)(6) Deposition are true and correct, based on

knowledge and information available to Plaintiff Mohawk Industries, Inc.

This ___12___ day of August, 2008.

_____
[Name and Title]

Misty Young
Paralegal

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MOHAWK INDUSTRIES, INC. and
SHAW INDUSTRIES, INC.,
                    *Plaintiffs,*

          v.

INTERFACE, INC.

                    *Defendant.*

Civil Action No.

4:07-CV-212-HLM

### SHAW INDUSTRIES, INC.'S STATEMENTS REGARDING INTERFACE'S NOTICE OF RULE 30(B)(6) DEPOSITION

Shaw Industries, Inc. ("Shaw") states that the statements which follow are subject to the objections previously submitted via letter on June 17 and July 7, 2008, which objections Shaw does not waive.

In regard to Topics 1 and 3-7 of Interface's Notice of Rule 30(b)(6) deposition upon Shaw, Shaw states as follows:

Shaw's knowledge of the factual information sought in Topics 1 and 3-7 is held solely by Shaw's outside counsel (Fish & Richardson P.C.) and Shaw's in-house counsel (whose knowledge of these topics was learned solely from outside counsel).

1

In regard to Topic 2 of Interface's Notice of Rule 30(b)(6) deposition, Shaw states as follows:

The only Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Kilim Motif, Oblique, Plain Weave, Refractions, Sole Mates, Spaced Out, Stroud, Symbiosis, and/or Tibetan Forest carpet tiles within Shaw's possession are stored at the offices of Alston & Bird LLP in Atlanta, Georgia.

In regard to Topic 8 of Interface's Notice of Rule 30(b)(6) deposition, Shaw states as follows:

Upon having made reasonable investigation, Shaw is aware of no "efforts to publicize this case."

In regard to Topic 9 of Interface's Notice of Rule 30(b)(6) deposition, Shaw states as follows:

Upon having made reasonable investigation, Shaw is aware of no "communications with any third party . . . regarding this case and/or Shaw's allegations that Interface 'falsely marked' certain of its carpet tile products with the '656 Patent number," with the exception of communications with counsel for Mohawk Industries, Inc., counsel for Collins & Aikman Floorcoverings, Inc., Plaintiffs' experts in this litigation (James Gould and Michael Milani), and persons providing court reporting and videography services.

2

In regard to Topic 10 of Interface's Notice of Rule 30(b)(6) deposition, Shaw states as follows:

Shaw is not presently aware of any specific instances in which it has changed its position or refrained from some action as a result of Interface's false marking of tiles with the '656 Patent. While Shaw is not aware of any such specific instances, it states that at least any instances where Interface attempted to win or ultimately won a business opportunity either indirectly or directly as a result of its unlawful business practices in the marketplace, including but not limited to the false marking of tiles with the '656 Patent, would have been harmful to Shaw. Shaw further states that it has also been harmed for the reasons set forth in the expert report of James C. Gould, dated June 30, 2008.

In regard to Topic 11 of Interface's Notice of Rule 30(b)(6) deposition, Shaw states as follows:

After conducting a reasonable inquiry, Shaw has determined that no non-privileged documents responsive to Interface's document requests exist, and as such, no documents were produced.

In regard to Topic 13 of Interface's Notice of Rule 30(b)(6) deposition, Shaw states as follows:

All facts responsive to Topic 13 are privileged, and as such, any Shaw witness designated to testify on Topic 13 would be instructed not to answer questions relating to that topic.

Respectfully submitted this 29 day of August, 2008.

*JP Smith*

Thad C. Kodish, Ga. Bar No. 427603
Nagendra Setty, Ga. Bar No. 636205
Jack P. Smith III, Ga. Bar No. 659999

FISH & RICHARDSON P.C.
1180 Peachtree St., 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002
Counsel for Shaw Industries, Inc.

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

MOHAWK INDUSTRIES, INC. and
SHAW INDUSTRIES, INC.,
*Plaintiffs*,

v.

INTERFACE, INC.
*Defendant.*

Civil Action No.
4:07-CV-212-HLM

## VERIFICATION

I hereby verify, under penalty of perjury of the laws of the United States o
America, that the foregoing Shaw Industries, Inc.'s Statements Regarding
Interface's Notice of Rule 30(b)(6) Deposition are true and correct, based on
information I have reviewed or have reasonably confirmed and that has not been
designated "Confidential – Attorneys' Eyes Only" by Interface, Inc.

This 2ɣᵗʰ day of August, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MOHAWK INDUSTRIES, INC. and )
SHAW INDUSTRIES, INC.              )
                                              )
         Plaintiff,                        )
                                              )
v.                                           )        CIVIL ACTION No.
                                              )
INTERFACE, INC.,                      )        4:07-CV-212-HLM
                                              )
         Defendant.                     )
                                              )
_____ )

## MOHAWK INDUSTRIES, INC.'S SUPPLEMENTAL RESPONSES TO INTERFACE'S CONTINUING INTERROGATORIES NOS. 2, 3, 5, 6, 10, & 12

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure,

Plaintiff Mohawk Industries, Inc. ("Mohawk") hereby serves its

supplemental responses to Defendant Interface, Inc.'s ("Interface")

Interrogatories Nos 2, 3, 5, 6, 10, and 12.

## RESERVATION OF RIGHTS

Mohawk incorporates by reference the Reservation of Rights set forth

in Mohawk's Response and Objections to Interface's First Set of

Continuing Interrogatories.

## GENERAL OBJECTIONS

Mohawk incorporates by reference the General Objections set forth in Mohawk's Responses and Objections to Interface's First Set of Continuing Interrogatories.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

Mohawk incorporates by reference the Objections to Definitions and Instructions set forth in Mohawk's Responses and Objections to Interface's First Set of Continuing Interrogatories.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

Subject to the foregoing General Objections, all of which are incorporated by reference in each separate response below, Mohawk supplements its responses to Interface's Interrogatories Nos. 2, 3, 5, 6, 10, and 12 as follows:

## INTERROGATORY NO. 2:

*Identify and describe in detail and with particularity all facts that support your allegation that "Interface falsely marked its carpet tile products with the intent to deceive the public and obtain a competitive advantage over its competitors such as Mohawk and Shaw."*

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Mohawk objects to this interrogatory on the grounds that it is vague, substantially overbroad, and unduly burdensome to the extent it requests

Mohawk to identify all facts that support the above-stated allegation of its false marking claim. Mohawk further objects to this interrogatory on the grounds that it is premature to the extent that it requests Mohawk to identify and describe in detail all facts that support the above-stated allegation of its false marking claim as discovery on the full universe of Mohawk's false marking claim is ongoing and is not complete. Mohawk further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client, joint defense, or common interest privilege, the work product doctrine, or any other applicable privilege and/or immunity. Subject to and without waiving its general and specific objections, Mohawk responds as follows:

- On April 28, 2005, Interface sent Mohawk, among others, a cease and desist letter that accused certain "randomly installable" Mohawk carpet tile products of infringing U.S. Patent No. 6,908,656 (the "'656 Patent"). The '656 Patent, however, did not issue until nearly two months later on June 21, 2005. That same day, Interface filed several patent infringement actions (collectively, "the '133 Action") against competitors in the carpet tile industry, including Mohawk, alleging that certain of those competitors' carpet tile products infringed the '656 Patent.

- In the '133 Action, Interface, through its pleadings and the testimony of its employees and corporate representatives, has claimed that it is able to readily determine if a carpet tile has the claimed elements in the '656 Patent, as well as identify which of its own products are and are not covered by the '656 Patent. For example, Interface's Director of Custom Development and claim construction expert – Clara Ellenburg-Aplin – testified that her six-year old niece and nine-year old nephew can distinguish between tiles covered by the '656 Patent and tiles not covered by the '656 Patent. (Ellenburg-Aplin Dep., dated 6/21/06, 139:7-140:4). Likewise, Interface's Director of Product Development – William Jones – testified that all persons of ordinary skill in the art can distinguish between tiles having the patented feature. (Jones Dep., dated 11/28/07, 19:7-15). Interface has proffered Mr. Jones as an expert on infringement in the '133 Action. Further, Interface's Vice President of Sales Logistics – Scott Landa – testified that his experience enables him to distinguish between tiles covered by the '656 Patent and tiles not covered by the '656 Patent. (Landa Dep., dated 7/13/07, 660:25-662:21).

- In the '133 Action, Mohawk, Shaw, and CAF served Interface on December 21, 2005 with their first set of interrogatories that requested that Interface identify which of its own random installation carpet tile

products are covered by the '656 Patent and which of its random installation carpet tile products are not covered by the '656 Patent. In response to these interrogatories, Interface identified fifty-nine (59) "random installation carpet tile products" as covered by the '656 Patent and five (5) "random installation carpet tile products" (Biomorph, Footnotes, Refractions, Sole Mates, and Symbiosis) that were not covered by the '656 Patent. Five additional carpet tile products (Juxtapositions, Lake Shore, Level Six, Meditations, and Outpost) were likewise not included on the list of products covered by the '656 Patent.

- On April 21, 2006, Mohawk, Shaw, and CAF served document requests in the '133 Action seeking, among other things, samples of each of Interface's random installation carpet tile products, both those identified by Interface as covered and not covered by the '656 Patent. Sometime after receipt of those samples, Mohawk discovered that at least the product Sole Mates was marked with the '656 Patent, despite the fact that Interface's sworn interrogatory responses identified Sole Mates as a random installation tile not covered by the '656 Patent.

- On September 19, 2006, Mohawk served Interface with a notice of 30(b)(6) deposition in the '133 Action that included as one of the

topics "Interface's marking of products as being covered by the '656 Patent."

• On March 28, 2007, Interface supplemented its response to Mohawk, Shaw, and CAF's first interrogatories in the '133 Action to identify an additional eight (8) random installation products (Ancient Spiral, Clarity, Cotswold, Kilim Motif, Plain Weave, Spaced Out, Stroud, Tibetan Forest) that are not covered by the '656 Patent.  Interface later supplemented its responses on August 3 and December 12, 2007 to identify an additional 4 random installation products (Boardwalk, Cabana, Oblique, Precast) that Interface offers that are not covered by the '656 Patent.

• On April 3, 2007, Mohawk served Interface with interrogatories in the '133 Action that requested that Interface identify all carpet tile products marked with the '656 Patent and the individuals responsible for determining which products to mark.  In response to those interrogatories, Interface stated:

> The process of printing the '656 patent number on the back of certain carpet tiles began in late 2005.  A table (Table 735) in the AS-400 computer system triggers a special instruction for specified manufacturing schedules directing the cutting line to add a print instruction of the patent number.  A copy of the control list of styles presently included in Table 735 is produced contemporaneously herewith at INT015021-22.

By way of attaching the control list of styles in INT15021-22 to its interrogatory response, Interface identified that it marked the '656 Patent on the following products: Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Juxtapositions, Kilim Motif, Meditations, Oblique, Outpost, Plain Weave, Refractions, Sole Mates, Spaced Out, Symbiosis, and Tibetan Forest, all products that Interface has identified as not covered by the '656 Patent.  Interface has also marked the products Lake Shore, Level Six, Stroud and Cotswold with the '656 Patent, all products that Interface has identified as not covered by the '656 Patent.

- Interface has thus conceded in discovery in the '133 Action that it marked with the '656 Patent the following eighteen (18) products which are not covered by the '656 Patent: Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Juxtapositions, Kilim Motif, Lake Shore, Level Six, Meditations, Oblique, Outpost, Plain Weave, Refractions, Sole Mates, Spaced Out,  Symbiosis, and Tibetan Forest ("the Marked Tiles").

- Interface has conceded in discovery in the '133 Action that it has control over the decision as to whether carpet tiles, including the Marked Tiles, are marked with the '656 Patent.  In particular, Interface's senior in-house counsel – Kevin Gallagher – testified that Interface's legal

department was involved in the determination of what products are marked with the '656 Patent.  Interface's counsel, however, instructed Mr. Gallagher not to provide any explanation for Interface's marking of the '656 Patent number on products it has identified as not covered by the '656 Patent.  Interface also admitted in the '133 Action that the determination as to which products should be marked with the '656 Patent was also guided by Interface's marketing and product development departments.

- Interface has likewise conceded in discovery in this litigation that it has control over the decision as to whether carpet tiles, including the Marked Tiles, are marked with the '656 Patent.  Specifically, on November 4, 2005, Interface's Vice President of Sustainable Development – Stuart Jones – issued instructions that the '656 Patent should be marked on all Interface carpet tiles that do not have directional arrows.  That same day, Interface's Vice President of Product Development – Jerry Hall – issued instructions that the '656 Patent number should be marked on all carpet tiles listed on the documents Bates labeled IF0000168-173 ("the Hall List").  Later that same day, Tim Mitchell issued instructions to a handful of Interface employees involved in manufacturing and quality control that stated: "Here is the list from Jerry on what gets the patent # (6,908,656) . . . .

Please ensure that a note is put in the special instructions on the priorities to put the patent # on all of these styles."

- With the exception of Lake Shore and Level Six (see below), all of the Marked Tiles are included in the Hall List and several Interface employees have testified that the Hall List is identical to the list Bates labeled INT15021-22, which was generated in April, 2007 in response to Mohawk's interrogatories in the '133 Action.

- In accordance with the instructions received from Stuart Jones and Jerry Hall, Lisa Lee testified that the planning department entered special instructions into Table 735 of Interface's AS400 system instructing that all runs of the styles listed in the Hall List should be marked with the '656 Patent. Subsequently, the planning department also added special instructions in Table 735 to print the '656 Patent on the styles Lake Shore and Level Six, which were not included on the Hall List. (*See* IF0000001-0000075).

- The special instructions entered into Table 735 appeared on each Work in Process ("WIP") schedule that the planning department generated in conjunction with work orders to manufacture carpet tiles. These WIP schedules were provided directly to the cutting line operators, who carried out the instructions contained on the WIP schedules, including

the special instructions to print the '656 Patent on the styles for which those instructions were included in Table 735.

- Thus, from November, 2005 through June, 2007,[1] Interface marked individual carpet tiles of its Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Juxtapositions, Kilim Motif, Lake Shore, Level Six, Meditations, Oblique, Outpost, Plain Weave, Refractions, Sole Mates, Spaced Out, Symbiosis, and Tibetan Forest products with the '656 Patent number, thereby holding each of those tiles out to the public as being covered by one or more claims of the '656 Patent.

- Interface emphasized to the public that many of its carpet tile products, including the Marked Tiles, are covered by one or more claims of the '656 Patent.

- Interface's Director of Marketing – Rhonda Mitchell – testified that Interface salespersons "certainly like [Interface] to promote the fact that there is a patent" on its carpet tiles. When asked why, Ms. Mitchell further testified that "it's because that helps give them a competitive edge that the

---

[1]     On June 12, 2007, Mohawk, Shaw, and CAF wrote Interface's counsel to determine whether Interface would consent to a motion for leave to amend their complaint in the '133 Action to add a claim for false marking pursuant to § 292.  Interface refused to consent and opposed Mohawk,

[Footnote Continued On Next Page]

particular feature is something that we have patented . . . ." Ms. Mitchell

also testified that its "important to be accurate" in communicating what

patents cover what products and "[c]ertainly, if [Interface stated] that a

particular product is covered by a patent that it is not indeed covered by,

then that could be misleading."

- Interface has generated and publicly distributed marketing

literature that expressly identifies several of the Marked Tiles as being

covered by the '656 Patent. (*See, e.g.* JG0111-31, I0000395, JG0109-110,

JG0084-85, INT2984730).

- In communications with customers, Interface's sales force has

emphasized the fact that various of the Marked Tiles are covered by the

'656 Patent. (*See, e.g.* JG0105-106).

- Interface's Vice President of Sales, Gerald Bogue, testified that

Interface contributes to and/or drafts portions of bid specifications for

flooring jobs that incorporate language substantially similar, if not identical,

to claim language from the '656 Patent. In particular, in responding to

requests for proposal containing specification language drafted or suggested

---

[Footnote Continued From Previous Page]

Shaw, and CAF's motion for leave. Mohawk later learned that Interface
stopped marking all of the Marked Tiles with the '656 Patent that same day.

by Interface that requires products to exhibit the purported technology claimed in the '656 Patent, Interface has offered various of the Marked Tiles as satisfying those specifications. (*See, e.g.* IF000347-351, IF0002018-2020).

•       Also, in responding to requests for proposal, Interface has included copies of the '656 Patent in its response and offered, as satisfying the request, various of the Marked Tiles. (*See, e.g.* IF0002021-2125).

Because discovery on Mohawk's false marking claim is ongoing, Mohawk, as stated in its Reservation of Rights, expressly reserves the right to further supplement its response to this interrogatory.

## INTERROGATORY NO. 3:

*Identify and describe in detail and with particularity all facts that support your allegation that "Interface has known since at least late 2005 that it was improperly marking the Falsely Marked Products with the '656 Patent number."*

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:

Mohawk objects to this interrogatory on the grounds that it is vague, substantially overbroad, and unduly burdensome to the extent it requests Mohawk to identify all facts that support the above-stated allegation of its false marking claim. Mohawk further objects to this interrogatory on the grounds that is premature to the extent that it requests Mohawk to identify

all facts that support the above-stated allegation of its false marking claim as discovery on the full universe of Mohawk's claim is ongoing and is not complete. Mohawk further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client, joint defense, or common interest privilege, the work product doctrine, or any other applicable privilege and/or immunity. Subject to and without waiving its general and specific objections, Mohawk incorporates its supplemental response to Interrogatory No. 2 above as if set forth fully herein. Mohawk further responds as follows:

• In the '133 Action, Interface, through its pleadings and the testimony of its employees and corporate representatives, has claimed that it is able to readily determine if a carpet tile has the claimed elements in the '656 Patent, as well as identify which of its own products are and are not covered by the '656 Patent. For example, Interface's Director of Custom Development and claim construction expert – Clara Ellenburg-Aplin – testified that her six-year old niece and nine-year old nephew can distinguish between tiles covered by the '656 Patent and tiles not covered by the '656 Patent. (Ellenburg-Aplin Dep., dated 6/21/06, 139:7-140:4). Likewise, Interface's Director of Product Development – William Jones – testified that all persons of ordinary skill in the art can distinguish between

tiles having the patented feature. (Jones Dep., dated 11/28/07, 19:7-15).

Interface has proffered Mr. Jones as an expert on infringement in the '133

Action.  Further, Interface's Vice President of Sales Logistics – Scott Landa

– testified that his experience enables him to distinguish between tiles

covered by the '656 Patent and tiles not covered by the '656 Patent. (Landa

Dep., dated 7/13/07, 660:25-662:21).

- In the '133 Action, Mohawk, Shaw, and CAF served Interface
on December 21, 2005 with their first set of interrogatories that requested
that Interface identify which of its own random installation carpet tile
products are covered by the '656 Patent and which of its random installation
carpet tile products are not covered by the '656 Patent.  In response to these
interrogatories, Interface identified fifty-nine (59) "random installation
carpet tile products" as covered by the '656 Patent and five (5) "random
installation carpet tile products" (Biomorph, Footnotes, Refractions, Sole
Mates, and Symbiosis) that were not covered by the '656 Patent.  Five
additional carpet tile products (Juxtapositions, Lake Shore, Level Six,
Meditations, and Outpost) were also not included on the list of products
covered by the '656 Patent.

- On April 21, 2006, Mohawk, Shaw, and CAF served document
requests in the '133 Action seeking, among other things, samples of each of

Interface's random installation carpet tile products, both those identified by Interface as covered and not covered by the '656 Patent.

- On September 19, 2006, Mohawk served Interface with a notice of 30(b)(6) deposition in the '133 Action that included as one of the topics "Interface's marking of products as being covered by the '656 Patent."

- On March 28, 2007, Interface supplemented its response to Mohawk, Shaw, and CAF's first interrogatories in the '133 Action to identify an additional eight (8) random installation products (Ancient Spiral, Clarity, Cotswold, Kilim Motif, Plain Weave, Spaced Out, Stroud, Tibetan Forest) that are not covered by the '656 Patent. Interface later supplemented its responses on August 3 and December 12, 2007 to identify an additional 4 random installation products (Boardwalk, Cabana, Oblique, Precast) that Interface offers that are not covered by the '656 Patent.

- Interface has conceded in discovery in the '133 Action that it has control over the decision as to whether carpet tiles, including the Marked Tiles, are marked with the '656 Patent. In particular, Interface's senior in-house counsel – Kevin Gallagher – testified that Interface's legal department was involved in the determination of what products are marked with the '656 Patent. Interface's counsel, however, instructed Mr.

Gallagher not to provide any explanation for Interface's marking of the '656

Patent number on products it has identified as not covered by the '656

Patent.  Interface also admitted in the '133 Action that the determination as

to which products should be marked with the '656 Patent was also guided

by Interface's marketing and product development departments.

- • Interface has likewise conceded in discovery in this litigation

that it has control over the decision as to whether carpet tiles, including the

Marked Tiles, are marked with the '656 Patent.  Specifically, on November

4, 2005, Interface's Vice President of Sustainable Development – Stuart

Jones – issued instructions that the '656 Patent should be marked on all

Interface carpet tiles that do not have directional arrows.  That same day,

Interface's Vice President of Product Development – Jerry Hall – issued

instructions that the '656 Patent number should be marked on all carpet tiles

listed on the documents Bates labeled IF0000168-173 ("the Hall List").

Later that same day, Tim Mitchell issued instructions to a handful of

Interface employees involved in manufacturing and quality control that

stated: "Here is the list from Jerry on what gets the patent # (6,908,656) . . . .

Please ensure that a note is put in the special instructions on the priorities to

put the patent # on all of these styles."

• With the exception of Lake Shore and Level Six (see below), all of the Marked Tiles are included in the Hall List and several Interface employees have testified that the Hall List is identical to the list Bates labeled INT15021-22, which was generated in April, 2007 in response to Mohawk's interrogatories in the '133 Action.

• In accordance with the instructions received from Stuart Jones and Jerry Hall, Lisa Lee testified that the planning department entered special instructions into Table 735 of Interface's AS400 system instructing that all runs of the styles listed in the Hall List should be marked with the '656 Patent.  Subsequently, the planning department also added special instructions in Table 735 to print the '656 Patent on the styles Lake Shore and Level Six, which were not included on the Hall List. (*See* IF0000001-0000075).

• The special instructions entered into Table 735 appeared on each Work in Process ("WIP") schedule that the planning department generated in conjunction with work orders to manufacture carpet tiles. These WIP schedules were provided directly to the cutting line operators, who carried out the instructions contained on the WIP schedules, including the special instructions to print the '656 Patent on the styles for which those instructions were included in Table 735.

- From November, 2005 through June, 2007, Interface marked individual carpet tiles of its Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Juxtapositions, Kilim Motif, Lake Shore, Level Six, Meditations, Oblique, Outpost, Plain Weave, Refractions, Sole Mates, Spaced Out, Symbiosis, and Tibetan Forest (again, "the Marked Tiles") products with the '656 Patent number, thereby holding each of those tiles out to the public as being covered by one or more claims of the '656 Patent.

- Interface has conceded in the '133 Action and in this litigation that the Marked Tiles are not in fact covered by any claim of the '656 Patent.

## INTERROGATORY NO. 5:

*Identify and describe, with specificity, each and every act by which you contend that Interface violated 35 U.S.C. § 292 by falsely marking any carpet tile products with the '656 Patent number with the intent to deceive the public and/or obtain a competitive advantage over its competitors; including but not limited to the product to which the alleged violation pertains, the date on which you contend that Interface committed the violation, the identity of all persons with knowledge of each alleged violation, and all documents and/or tangible things concerning each alleged violation.*

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:

Mohawk objects to this interrogatory on the grounds that it is vague, substantially overbroad, and unduly burdensome to the extent it requests Mohawk to identify and describe with specificity each and every act

(including the product to which the violation pertains, the date Interface committed the violation, all persons with knowledge of each violation, and all documents or tangible things concerning each violation) by which Mohawk contends Interface violated 35 U.S.C. § 292. Mohawk further objects to this interrogatory on the grounds that it is premature to the extent that it requests Mohawk to identify and describe with specificity each and every act (including the product to which the violation pertains, the date Interface committed the violation, all persons with knowledge of each violation, and all documents or tangible things concerning each violation) by which Mohawk contends Interface violated 35 U.S.C. § 292. Mohawk further objects to this interrogatory as improperly compound, as it includes no fewer than five discrete subparts. Mohawk further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client, joint defense, or common interest privilege, the work product doctrine, or any other applicable privilege and/or immunity.

• Subject to and without waiving it general and specific objections, Mohawk responds that Interface committed an offense in violation of 35 U.S.C. § 292 on each and every occasion that it sold and/or offered for sale a carpet tile that was falsely marked with the '656 Patent. Mohawk is presently aware that Interface sold at least the following

eighteen (18) falsely marked carpet tile products between November, 2005 and June, 2007: Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Juxtapositions, Kilim Motif, Lake Shore, Level Six, Meditations, Oblique, Outpost, Plain Weave, Refractions, Sole Mates, Spaced Out, Symbiosis, and Tibetan Forest.  Transaction level sales data for each of these 18 falsely marked carpet tile products is set forth in the documents Bates labeled I0000418, I0001972, and I0002004.  Additional facts regarding Interface's violations of 35 U.S.C. § 292 are set forth in Mohawk's supplemental response to Interrogatory No. 2.

- The persons that have knowledge of Interface's violations of 35 U.S.C. § 292 may include, but are not limited to, the following: Kevin Gallagher, Tom Campbell, Jerry Hall, Stuart Jones, Dan Breland, Rhonda Mitchell, Scott Landa, John Bradford, Robert Badger, Tim Mitchell, Lisa Lee, Mark French, Dara Jennings, Sally Burek, Scotty Pike, Richard Fuller, Alan Holstun, Robin Watts, Judy Embry, Jim Channell, Joel Cotney, Bub Westmoreland, Dexter Barsh, Norman Boykin, Sr., Thomas Brooks, Gabe Clark, Paul Cook, Tarmika Dunlap, Alex Gutierrz, Tim Jarrell, Michael Milani, James Gould, Legal Counsel for Interface, Legal Counsel for Mohawk, and Legal Counsel for Shaw.

- The documents and things concerning Interface's violations of 35 U.S.C. § 292 may include, but are not limited to, the following:

  - IF0000001 – IF0000075
  - IF0000152 – IF0000179
  - IF0000235 – IF0000265
  - IF0000347 – IF0000351
  - IF0000384 – IF0000385
  - IF0000386 – IF0001134
  - IF0001135 – IF0001177
  - IF0001184 – IF0001228
  - IF0001229 – IF0002125
  - I0000001 – I0001011
  - INT015021 – INT015022

  - Transcript and exhibits to the Deposition of Sally Burek, dated May 14, 2008.
  - Transcript and exhibits to the Deposition of William Ehlers, dated May 14, 2008.
  - Transcript and exhibits to the Deposition of Robert Badger, dated May 21, 2008.
  - Transcript and exhibits to the Deposition of Bub Westmoreland, dated June 3, 2008.
  - Transcript and exhibits to the Deposition of Lisa Lee, dated June 6, 2008.
  - Transcript and exhibits to the Deposition of James Gould, dated June 10, 2008.
  - Transcript and exhibits to the Deposition of Stuart Jones, dated June 18, 2008.
  - Transcript and exhibits to the Deposition of Jerry Hall, dated June 20, 2008.
  - Transcript and exhibits to the Deposition of Scott Landa, dated June 22, 2008.
  - Transcript and exhibits to the Deposition of Tim Mitchell, dated June 23, 2008.
  - Transcript and exhibits to the Deposition of Kevin C. Gallagher in the Patent Litigation, dated May 25, 2007.

- Transcript and exhibits to the Deposition of Kevin C. Gallagher in the Patent Litigation, dated August 7, 2007.
- Transcript and exhibits to the Deposition of Jerry Hall in the Patent Litigation, dated November 30, 2006.
- Transcript and exhibits to the Deposition of Dan Breland in the Patent Litigation, dated July 16, 2007.
- Transcript and exhibits to the Deposition of Clara Ellenburg-Aplin in the Patent Litigation, dated June 21, 2006.
- Transcript and exhibits to the Deposition of Clara Ellenburg-Aplin in the Patent Litigation, dated July 11, 2007.
- Transcript and exhibits to the Deposition of Rhonda K. Mitchell in the Patent Litigation, dated July 10, 2007.
- Transcript and exhibits to the Deposition of Claude Quimet in the Patent Litigation, dated July 11, 2007.

- Answer and Affirmative Defenses of Defendants Interface, Inc. to Plaintiffs Mohawk Industries, Inc. and Shaw Industries, Inc.'s Complaint for False Marking.
- Interface's Objections and Responses to Plaintiffs' First Set of Interrogatories to Defendant Interface, Inc. and all supplements and amendments thereto.
- Interface's Objections and Responses to Plaintiffs' Second Set of Interrogatories to Defendant Interface, Inc. and all supplements and amendments thereto.
- Interface's Objections and Responses to Plaintiffs' Third Set of Interrogatories to Defendant Interface, Inc. and all supplements and amendments thereto.
- Interface's Objections and Responses to Plaintiffs' Fourth Set of Interrogatories to Defendant Interface, Inc. and all supplements and amendments thereto.
- Interface's Objections and Responses to Plaintiffs' First Requests for Admission to Defendant Interface, Inc. and all supplements and amendments thereto.
- Interface's Objections and Responses to Plaintiffs' Second Requests for Admission to Defendant Interface, Inc. and all supplements and amendments thereto.

- Interface's Objections and Responses to CAF, Mohawk, and Shaw's Interrogatories Nos. 12 & 13 in the Patent Litigation, and all supplements and amendments thereto.
- Interface's Objections and Responses to CAF, Mohawk and Shaw's Sixth Set of Interrogatories in the Patent Litigation, and all supplements and amendments thereto.
- Interface's Preliminary Disclosure of Infringement Contentions in the Patent Litigation, and all supplements and amendments thereto.
- Interface's Verified Answers to the Questions Set Out in the Court's October 9, 2007 Order in the Patent Litigation, dated October 17, 2007.
- Supplement to Answers to the Questions Set Out in the Court's October 9, 2007 Order in the Patent Litigation, dated October 24, 2007.
- Complaints against Mohawk, Shaw, and CAF in the Patent Litigation, dated June 21, 2005.

- '656 Patent
- Cease and desist letters from Kevin Gallagher to Mohawk, Shaw, and CAF, dated April 28, 2005.

- Expert Report of James C. Gould, dated June 30, 2008, including documents set forth in Ex. C to the Gould Report.
- Supplemental Expert Report of Michael K. Milani, dated July 11, 2008, including documents set forth in Appendix B to the Milani Report.

Because discovery on Mohawk's false marking claim is ongoing,

Mohawk, as stated in its Reservation of Rights, expressly reserves the right

to further supplement its response to this interrogatory.

## INTERROGATORY NO. 6:

*Identify and describe in detail and with particularity all facts concerning Mohawk and Shaw's allegation that "Interface marketed the*

*Marked Tiles to the public, including to prospective purchasers of the tiles and to architect and design firms, as being covered by one or more claims of the '656 Patent."*

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

Mohawk objects to this interrogatory as duplicative of Interrogatory No. 2. Mohawk further objects to this interrogatory on the grounds that it is vague, overbroad, and unduly burdensome to the extent it requests Mohawk to identify and describe in detail and with particularity all facts that support the above-stated allegation of its false marking claim. Mohawk further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client, joint defense, or common interest privilege, the work product doctrine, or any other applicable privilege and/or immunity. Subject to and without waiving its general and specific objections, Mohawk incorporates its supplemental response to Interrogatory No. 2 above as if set forth fully herein. Mohawk further responds that Interface has engaged in the marketing and promotion of falsely marked tiles to the public in various ways, including:

- From November, 2005 through June, 2007, Interface marked individual carpet tiles of its Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Juxtapositions, Kilim Motif, Lake Shore, Level Six, Meditations, Oblique, Outpost, Plain Weave, Refractions, Sole Mates, Spaced Out,

Symbiosis, and Tibetan Forest products with the '656 Patent number and sold them to customers, thereby holding each of those tiles out to the public as being covered by one or more claims of the '656 Patent. (*See* I0000418, IF0001972, IF0002004).

- Interface's has emphasized to the public that many of its carpet tile products, including the Marked Tiles, are covered by one or more claims of the '656 Patent when in fact they are not.

- In communications with customers, Interface's sales force has emphasized the fact that various of the Marked Tiles are covered by the '656 Patent. (*See, e.g.* JG0105-106).

- Interface's Director of Marketing – Rhonda Mitchell – testified that Interface salespersons "certainly like [Interface] to promote the fact that there is a patent" on its carpet tiles.  When asked why, Ms. Mitchell further testified that "it's because that helps give them a competitive edge that the particular feature is something that we have patented . . . ."  Ms. Mitchell also testified that its "important to be accurate" in communicating what patents cover what products and "[c]ertainly, if [Interface stated] that a particular product is covered by a patent that it is not indeed covered by, then that could be misleading."

- Interface has generated and publicly distributed marketing literature that expressly identifies various of the Marked Tiles as being covered by the '656 Patent when in fact they are not. (*See, e.g.* JG0111-31, I0000395, JG0109-110, JG0084-85, INT2984730).

- Interface has offered falsely marked products in response to requests for proposal calling for products purporting to exhibit "orthogonal ambiguity."

- Interface's Vice President of Sales, Gerald Bogue, testified that Interface contributes to and/or drafts portions of bid specifications for flooring jobs that incorporate language substantially similar, if not identical, to claim language from the '656 Patent.  In particular, in responding to requests for proposal containing specification language drafted or suggested by Interface that requires products to exhibit the purported technology claimed in the '656 Patent, Interface has offered various of the Marked Tiles as satisfying those specifications. (*See, e.g.* IF000347-351, IF0002018-2020).

- Also, in responding to requests for proposal, Interface has included copies of the '656 Patent in its response and offered, as satisfying the request, various of the Marked Tiles. (*See, e.g.* IF0002021-2125).

- Upon information and belief, Interface has manufactured and distributed samples of the Marked Tiles falsely marked with the '656 Patent.

Because discovery on Mohawk's false marking claim is ongoing, Mohawk, as stated in its Reservation of Rights, expressly reserves the right to further supplement its response to this interrogatory.

## INTERROGATORY NO. 10:

*Identify and describe in detail and with particularity any manner in which you have suffered any adverse effect, including changing your position or refraining from some action, that is related to any of the "false marking" Mohawk and/or Shaw allege in this case.*

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:

Mohawk objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests Mohawk to identify and describe and with particularity any manner in which Mohawk has suffered any adverse effect from Interface's false marking.  Subject to and without waiving its general and specific objections, Mohawk responds that it is not presently aware of any specific instances in which it has changed its position or refrained from some action as a result of Interface's false marking of tiles with the '656 Patent.  Mohawk further responds that at least any instances where Interface attempted to win or ultimately won a

business opportunity either indirectly or directly as a result of its unlawful business practices in the marketplace, including but not limited to the false marking of tiles with the '656 Patent, are harmful to Mohawk. Mohawk further responds that it has also been harmed for the reasons set forth in the expert report of James C. Gould, dated June 30, 2008.

## INTERROGATORY NO. 12:

*Identify and describe in detail and with particularity the location and/or entity that has possession of each and every individual Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Kilim Motif, Oblique, Plain Weave, Refractions, Sole Mates, Spaced Out, Stroud, Symbiosis, and/or Tibetan Forest carpet tile that Mohawk and/orShaw allege was falsely marked.*

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:

Mohawk objects to this interrogatory on the grounds that it is substantially overbroad, unduly burdensome, in excess of the obligations required by the Federal Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests Mohawk to identify the physical location of each and every tile that Interface has falsely marked with the '656 Patent. Mohawk further objects to this interrogatory on the grounds that the information sought is more easily derived or ascertained by Interface than Mohawk, as Interface manufactured and sold the falsely marked tiles in question. Subject to and

without waiving its general and specific objections, Mohawk responds that

it is presently aware of the following tiles falsely marked with the '656

Patent: (i) carpet tiles falsely marked with the '656 Patent at Interface's

facilities in LaGrange, Georgia; (ii) carpet tiles falsely marked with the '656

Patent at the offices of Kilpatrick Stockton LLP in Atlanta, Georgia; (iii)

carpet tiles falsely marked with the '656 Patent at the offices of Alston &

Bird LLP in Atlanta, Georgia; and (iv) carpet tiles falsely marked with the

'656 Patent identified by Interface in the documents Bates labeled

I0000418, IF0001972, and IF0002004.

Dated this 28th day of July, 2008.

Frank G. Smith
Georgia Bar No. 657550
Robin L. McGrath
Georgia Bar No. 493115
Wesley C. Achey
Georgia Bar No. 340599
Scott P. Amy
Georgia Bar No. 141416
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile:  (404) 881-7777

COUNSEL FOR PLAINTIFF
MOHAWK INDUSTRIES, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MOHAWK INDUSTRIES, INC. and )
SHAW INDUSTRIES, INC. )
                                               )
           Plaintiff,                          )
                                               )
v.                                             )         CIVIL ACTION No.
                                               )
INTERFACE, INC.,                               )         4:07-CV-212-HLM
                                               )
           Defendant.                          )
                                               )
                                               )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Mohawk

Industries, Inc.'s Supplemental Responses to Interface's Continuing

Interrogatories Nos. 2, 3, 5, 6, 10, & 12 via email on the following counsel

of record for Interface:

Candice C. Decaire, Esq.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Dated this 28th day of July, 2008.

SCOTT P. AMY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

MOHAWK INDUSTRIES, INC. and
SHAW INDUSTRIES, INC.,
   *Plaintiffs,*

  v.

INTERFACE, INC.

   *Defendant.*

Civil Action No.

4:07-CV-212-HLM

## SHAW INDUSTRIES, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INTERFACE, INC.'S INTERROGATORIES NOS. 2, 3, 5, 6, 10, AND 12

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure,

Plaintiff Shaw Industries, Inc. ("Shaw") hereby supplements its objections and

responses to Defendant Interface, Inc.'s ("Interface") Interrogatories. Shaw hereby

incorporates by reference the Preliminary Statement and General Objections

contained in its Objections and Respondents to Defendant Interface, Inc.'s First Set

of Continuing Interrogatories.

### Supplemental Objections and Responses

### INTERROGATORY NO. 2:

Identify and describe in detail and with particularity all facts that support
your allegation that "Interface falsely marked its carpet tile products with the intent
to deceive the public and obtain a competitive advantage over its competitors such
as Mohawk and Shaw."

## INITIAL RESPONSE TO INTERROGATORY NO. 2:

Shaw objects to this interrogatory as impermissibly vague, overly broad, and unduly burdensome because of its lack of specificity. Subject to those objections and to the foregoing General Objections, Shaw responds as follows:

a. Interface was issued a patent for "Orthogonally Ambiguous Carpet Tiles" on June 21, 2005, which patent it prosecuted in the U.S. Patent and Trademark Office for over four years before its eventual issuance.

b. Prior to issuance of the '656 Patent, Interface transmitted cease and desist letters to various companies, including Shaw, accusing them of selling carpet tiles that infringed the then-pending claims of U.S. Patent Application No. 09/783,354.

c. Claim 1 and its associated dependent claims of the '656 Patent describe that the elements of the purported invention are embodied in a single carpet tile.

d. Immediately upon issuance of the '656 Patent on June 21, 2005, Interface commenced actions in U.S. District Court against Shaw, among others, alleging that various products sold by Shaw infringe the '656 Patent.

e. Interface, through its pleadings and the testimony of several of its employees and corporate representatives in the '133 Action,[1] claims that it is able to

---

[1]    *Collins & Aikman Floorcoverings, Inc., et al. v. Interface, Inc., et al.*, No.

readily determine if a carpet tile has the claimed elements in the '656 Patent,

such that it can identify tiles sold by Shaw and others that infringe the '656

Patent, as well as identify which of its own products are and are not covered

by the '656 Patent. As a non-exhaustive list of relevant support, Interface

Director of Custom Development and claim-construction expert Clara

Ellenburg-Aplin claimed that her six-year old niece and nine-year old

nephew can distinguish between tiles covered by the '656 Patent and tiles

not covered by the '656 Patent (Ellenburg-Aplin Dep., 21 June 2006, 139:7-

140:4). Interface employee William Jones, the Director of Product

Development for a division of Interface, testified that all persons of ordinary

skill in the art can distinguish between tiles having the patented feature

(Jones Dep., 28 Nov. 2007, 19:7-15). Interface has proffered Mr. Jones as

an expert on determining infringement of the '656 Patent in another case

pending in this Court. Interface employee Scott Landa, Interface's Vice

President of Sales Logistics, testified that his experience enables him to

distinguish between tiles covered by the '656 Patent and tiles not covered by

the '656 Patent (Landa Dep., 13 July 2007, 660:25-662:21).

---

4:05-CV-133-HLM, U.S.D.C. N.D. Ga. (hereinafter ("'133 Action")).

f.  Upon information and belief, Interface has control over the decision as to whether a carpet tile is marked with a patent number, as well as the portion of the manufacturing process when the individual tiles are marked.

g.  At various times after the issuance of the '656 Patent in June of 2005 through June of 2007, Interface marked individual carpet tiles of its Ancient Spiral, Biomorph, Boardwalk, Cabana, Cotswold, Footnotes, Kilim Motif, Oblique, Plain Weave, Refractions, Sole Mates, Spaced Out, Stroud, Symbiosis, and Tibetan Forest products (hereinafter "Marked Tiles") with the '656 Patent number, thereby holding each one of those tiles out to the public as being covered by one or more of the claims of the '656 Patent.

h.  Upon information and belief, as part of its marketing efforts to maximize sales, Interface has emphasized and/or currently emphasizes that many of its carpet tile products, including the Marked Tiles, are covered by one or more claims of the '656 Patent.

i.  Interface's Director of Marketing, Rhonda Mitchell, has testified in the '133 Action that Interface prefers to market its tile products in conjunction with the '656 Patent designation and that a statement by Interface that certain tiles are covered by the '656 Patent, when they are not, could be misleading.

j.  As explained by Interface, for example at the deposition of its Vice President of Sales, Gerald Bogue, Interface contributes to and/or drafts portions of bid specifications for flooring jobs that incorporate language substantially similar, if not identical, to claim language from the '656 Patent (Bogue Dep., Dec. 5, 2006, 189:19-193:13).

k.  As evidenced from license agreements produced in the '133 Action, Interface charges licensees a royalty rate for their sale of products that Interface deems to be covered by one or more of the claims of the '656 Patent on a per square yard basis (i.e., every four tiles).

l.  Over the course of discovery in the '133 Action, Interface has conceded in sworn written testimony before this Court that the Marked Tiles are not in fact covered by any claim of the '656 Patent.

m. Upon information and belief, Interface marketed the Marked Tiles to the public, including to prospective purchasers of the tiles and to architect and design firms, as being covered by one or more claims of the '656 Patent.

As stated in the General Objections, Shaw expressly reserves its right to supplement this response as discovery proceeds.

## **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Shaw incorporates the objections contained in its initial responses, reproduced above.  Shaw supplements its response with the following:

n.[2]    At various times after issuance of the '656 Patent in June of 2005 through June of 2007,[3] Interface marked individual carpet tiles of its Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Juxtapositions, Kilim Motif, Lake Shore, Level Six, Meditations, Oblique, Outpost, Plain Weave, Refractions, Sole Mates, Spaced Out, Symbiosis, and Tibetan Forest products (hereinafter "Marked Tiles") with the '656 Patent number, thereby holding each one of those tiles out to the public as being covered by one or more claims of the '656 Patent.

o. On April 3, 2007, Shaw served Interface with interrogatories in the '133 Action that requested that Interface identify all carpet tile products marked with the '656 Patent and the individuals responsible for determining which products to mark.  In response to those interrogatories, Interface stated:

---

[2]    This part (n) is intended to replace the part (g) included in the initial response to this interrogatory.  The remaining responses are supplemental to the initial responses.

[3]    On June 12, 2007, Mohawk and Shaw wrote Interface's counsel to determine whether Interface would consent to a motion for leave to amend their complaint in the '133 Action to add a claim for false marking.  Interface refused to consent and opposed Mohawk and Shaw's motion for leave to amend in that case.  Mohawk and Shaw later learned that Interface stopped marking the Marked Tiles with the '656 Patent on or about that same day.

> The process of printing the '656 patent number on the back of certain carpet tiles began in late 2005. A table (Table 735) in the AS-400 computer system triggers a special instruction for specified manufacturing schedules directing the cutting line to add a print instruction of the patent number. A copy of the control list of styles presently included in Table 735 is produced contemporaneously herewith at INT015021-22.

In INT15021-22, Interface identified that it marked the '656 Patent on the following 18 products: Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Juxtapositions, Kilim Motif, Meditations, Oblique, Outpost, Plain Weave, Refractions, Sole Mates, Spaced Out, Symbiosis, and Tibetan Forest, all of which Interface has identified as not covered by the '656 Patent.

p.     Internal documentation from Interface indicates that Stuart Jones, the Vice President of Sustainable Development, in November 2005 issued instructions that the '656 Patent number should be marked on all tiles not having directional arrows.

q.     Internal documentation from Interface indicates that Jerry Hall, the Vice President of Product Development, in November 2005 issued express instructions that the '656 Patent number should be marked on all tiles listed on the document Bates labeled IF0000168-73 (hereinafter, "Hall List").

r.      Internal documentation from Interface indicates that Tim Mitchell, the Manager of Process Improvement, also instructed that the '656 Patent number should be marked on all tiles listed on the Hall List.

s.      Lisa Lee testified that, in accordance with the instructions received from Mr. Jones and Mr. Hall, the planning department entered special instructions into Table 735 of the AS400 system instructing that all runs of the styles listed in the Hall List should be marked with the '656 Patent.  At some subsequent time, the planning department also added special instructions in Table 735 to print the '656 Patent on the Lake Shore and Level Six styles, which were not included on the Hall List.

t.      The special instructions entered into Table 735 appeared on each Work in Process ("WIP") schedule that the planning department generated in conjunction with work orders to manufacture tiles.  These WIP schedules were provided directly to the line operators, who carried out the instructions contained on the WIP schedules, including the special instructions to print the '656 Patent on the styles for which those instructions were included in Table 735.

u.      Scott Landa and Rhonda Mitchell testified that the Interface sales force generally uses the fact that a patent covers technology included in an

Interface product to corroborate Interface's innovation in the product and thus promote sales of the product.

     v.     Interface has generated and publicly distributed marketing literature that expressly identifies various of the Falsely Marked tile styles as being covered by the '656 Patent. *See, e.g.,* Documents Bates labeled JG0111-31, I0000395, JG0109-10, JG0084-85, INT2984730.

     w.     In communications with customers, the Interface sales force has emphasized the fact that various of the Falsely Marked tile styles are covered by the '656 Patent. *See, e.g.*, Documents Bates labeled JG0105-06.

     x.     In responding to requests for proposal containing specification language drafted or suggested by Interface requiring products that exhibit the technology claimed in the '656 Patent, Interface has offered various of the Falsely Marked tiles styles as satisfying those specifications. *See, e.g.*, Documents Bates labeled IF000347-51, IF0002018-20.

     y.     In responding to requests for proposal, Interface has included copies of the '656 Patent in its response and offered, as satisfying the request, various of the Falsely Marked tile styles. *See, e.g.*, Documents Bates labeled IF0002021-125.

**INTERROGATORY NO. 3:**

Identify and describe in detail and with particularity all facts that support your allegation that "Interface has known since at least late 2005 that it was

improperly marking the Falsely Marked Products with the '656 Patent number."

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Shaw incorporates the objections included in its initial response, and states the following:

a.      Interface, through its pleadings and the testimony of several of its employees and corporate representatives in the '133 Action, claims that it is able to readily determine if a carpet tile has the claimed elements in the '656 Patent, such that it can identify tiles sold by Shaw and others that infringe the '656 Patent, as well as identify which of its own products are and are not covered by the '656 Patent. As a non-exhaustive list of relevant support, Interface Director of Custom Development and claim-construction expert Clara Ellenburg-Aplin claimed that her six-year old niece and nine-year old nephew can distinguish between tiles covered by the '656 Patent and tiles not covered by the '656 Patent (Ellenburg-Aplin Dep., 21 June 2006, 139:7-140:4). Interface employee William Jones, the Director of Product Development for a division of Interface, testified that all persons of ordinary skill in the art can distinguish between tiles having the patented feature (Jones Dep., 28 Nov. 2007, 19:7-15). Interface has proffered Mr. Jones as an expert on determining infringement of the '656 Patent in another case pending in this Court. Interface employee Scott Landa, Interface's Vice President of Sales

10

Logistics, testified that his experience enables him to distinguish between tiles covered by the '656 Patent and tiles not covered by the '656 Patent (Landa Dep., 13 July 2007, 660:25-662:21).

      b.     Interface has control over the decision as to whether a carpet tile is marked with a patent number, as well as the portion of the manufacturing process when the individual tiles are marked.

      c.     Over the course of discovery in the '133 Action, Interface has conceded in sworn written testimony before this Court that the Marked Tiles are not in fact covered by any claim of the '656 Patent.

      d.     At various times after issuance of the '656 Patent in June of 2005 through June of 2007,[4] Interface marked individual carpet tiles of its Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Juxtapositions, Kilim Motif, Lake Shore, Level Six, Meditations, Oblique, Outpost, Plain Weave, Refractions, Sole Mates, Spaced Out, Symbiosis, and Tibetan Forest products (hereinafter "Marked Tiles") with the '656 Patent number, thereby holding each one of those tiles out to the public as being covered by one or more claims of the '656 Patent.

---

[4]     On June 12, 2007, Mohawk and Shaw wrote Interface's counsel to determine whether Interface would consent to a motion for leave to amend their complaint in the '133 Action to add a claim for false marking. Interface refused to consent and opposed Mohawk and Shaw's motion for leave to amend in that case. Mohawk and Shaw later learned that Interface stopped marking the Marked Tiles with the '656 Patent on or about that same day.

e.     Internal documentation from Interface indicates that Stuart Jones, the Vice President of Sustainable Development, in November 2005 issued instructions that the '656 Patent number should be marked on all tiles not having directional arrows.

f.     Internal documentation from Interface indicates that Jerry Hall, the Vice President of Product Development, in November 2005 issued express instructions that the '656 Patent number should be marked on all tiles listed on the document Bates labeled IF0000168-73 (hereinafter, "Hall List").

g.     Internal documentation from Interface indicates that Tim Mitchell, the Manager of Process Improvement, also instructed that the '656 Patent number should be marked on all tiles listed on the Hall List.

h.     Lisa Lee testified that, in accordance with the instructions received from Mr. Jones and Mr. Hall, the planning department entered special instructions into Table 735 of the AS400 system instructing that all runs of the styles listed in the Hall List should be marked with the '656 Patent. At some subsequent time, the planning department also added special instructions in Table 735 to print the '656 Patent on the Lake Shore and Level Six styles, which were not included on the Hall List.

i.     The special instructions entered into Table 735 appeared on each

Work in Process ("WIP") schedule that the planning department generated in

conjunction with work orders to manufacture tiles.  These WIP schedules were

provided directly to the line operators, who carried out the instructions contained

on the WIP schedules, including the special instructions to print the '656 Patent on

the styles for which those instructions were included in Table 735.

## INTERROGATORY NO. 5:

Identify and describe, with specificity, each and every act by which you
contend that Interface violated 35 U.S.C. § 292 by falsely marking any carpet tile
products with the '656 Patent number with the intent to deceive the public and/or
obtain a competitive advantage over its competitors; including but not limited to
the product to which the alleged violation pertains, the date on which you contend
that Interface committed the violation, the identity of all persons with knowledge
of each alleged violation, and all documents and/or tangible things concerning each
alleged violation.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:

Shaw objects to this interrogatory on the grounds that it is vague,

substantially overbroad, and unduly burdensome to the extent it requests Shaw to

identify and describe with specificity each and every act (including the product to

which the violation pertains, the date Interface committed the violation, all persons

with knowledge of each violation, and all documents or tangible things concerning

each violation) by which Shaw contends Interface violated 35 U.S.C. § 292.  Shaw

further objects to this interrogatory on the grounds that it is premature to the extent

that it requests Shaw to identify and describe with specificity each and every act

(including the product to which the violation pertains, the date Interface committed

the violation, all persons with knowledge of each violation, and all documents or

tangible things concerning each violation) by which Shaw contends Interface

violated 35 U.S.C. § 292. Shaw further objects to this interrogatory as improperly

compound, as it includes no fewer than five discrete subparts. Shaw objects to this

interrogatory to the extent it seeks information protected from disclosure by the

attorney-client, joint defense, or common interest privilege, the work product

doctrine, or any other applicable privilege and/or immunity.

- Subject to and without waiving its general and specific objections,

Shaw responds that Interface committed an offense in violation of 35 U.S.C. § 292

on each and every occasion that it sold or offered for sale a carpet tile that was

falsely marked with the '656 Patent. Shaw is presently aware that Interface sold at

least the following 18 falsely marked carpet tile products between November, 2005

and June, 2007: Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes,

Juxtapositions, Kilim Motif, Lake Shore, Level Six, Meditations, Oblique,

Outpost, Plain Weave, Refractions, Sole Mates, Spaced Out, Symbiosis, and

Tibetan Forest. Transaction level sales data for each of these 18 falsely marked

carpet tile products is set forth in the documents Bates labeled I0000418,

I0001972, and I0002004. Additional facts regarding Interface's violations of 35 U.S.C. § 292 are set forth in Shaw's response to Interrogatory No. 2.

- The persons with knowledge of Interface's violations of 35 U.S.C. § 292 may include, but are not limited to, the following: Kevin Gallagher, Tom Campbell, Jerry Hall, Stuart Jones, Dan Breland, Rhonda Mitchell, Scott Landa, John Bradford, Robert Badger, Tim Mitchell, Lisa Lee, Mark French, Dara Jennings, Sally Burek, Scotty Pike, Richard Fuller, Alan Holstun, Robin Watts, Judy Embry, Jim Channell, Joel Cotney, Bub Westmoreland, Dexter Barsh, Norman Boykin, Sr., Thomas Brooks, Gabe Clark, Paul Cook, Tamika Dunlap, Alex Gutierrez, Tim Jarrell, Michael Milani, James Gould, Counsel for Interface, Counsel for Mohawk, and Counsel for Shaw.

- The documents and things concerning Interface's violations of 35 U.S.C. § 292 may include, but are not limited to, the following:

      -     IF0000001 – IF0000075
      -     IF0000152 – IF0000179
      -     IF0000235 – IF0000265
      -     IF0000347 – IF0000351
      -     IF0000384 – IF0000385
      -     IF0000386 – IF0001134
      -     IF0001135 – IF0001177
      -     IF0001184 – IF0001228
      -     IF0001229 – IF0002125
      -     I0000001 – I0001011
      -     INT015021 – INT015022

- Transcript and exhibits to the Deposition of Sally Burek, dated May 14, 2008.
- Transcript and exhibits to the Deposition of William Ehlers, dated May 14, 2008.
- Transcript and exhibits to the Deposition of Robert Badger, dated May 21, 2008.
- Transcript and exhibits to the Deposition of Bub Westmoreland, dated June 3, 2008.
- Transcript and exhibits to the Deposition of Lisa Lee, dated June 6, 2008.
- Transcript and exhibits to the Deposition of James Gould, dated June 10, 2008.
- Transcript and exhibits to the Deposition of Stuart Jones, dated June 18, 2008.
- Transcript and exhibits to the Deposition of Jerry Hall, dated June 20, 2008.
- Transcript and exhibits to the Deposition of Scott Landa, dated June 22, 2008.
- Transcript and exhibits to the Deposition of Tim Mitchell, dated June 23, 2008.
- Transcript and exhibits to the Deposition of Kevin C. Gallagher, dated May 25, 2007.
- Transcript and exhibits to the Deposition of Kevin C. Gallagher, dated August 7, 2007.
- Transcript and exhibits to the Deposition of Rhonda K. Mitchell, dated July 10, 2007.
- Answer and Affirmative Defenses of Defendant Interface, Inc. to Plaintiffs Mohawk Industries, Inc. and Shaw Industries, Inc.'s Complaint for False Marking.
- Interface's Objections and Responses to Plaintiffs' First Set of Interrogatories to Defendant Interface, Inc. and all supplements and amendments thereto.
- Interface's Objections and Responses to Plaintiffs' Second Set of Interrogatories to Defendant Interface, Inc. and all supplements and amendments thereto.
- Interface's Objections and Responses to Plaintiffs' Third Set of Interrogatories to Defendant Interface, Inc. and all supplements and amendments thereto.

- Interface's Objections and Responses to Plaintiffs' Fourth Set of Interrogatories to Defendant Interface, Inc. and all supplements and amendments thereto.
- Interface's Objections and Responses to Plaintiffs' First Requests for Admission to Defendant Interface, Inc. and all supplements and amendments thereto.
- Interface's Objections and Responses to Plaintiffs' Second Requests for Admission to Defendant Interface, Inc. and all supplements and amendments thereto.
- Interface's Objections and Responses to CAF, Mohawk, and Shaw's Interrogatories Nos. 12 & 13 in the '133 action, and all supplements and amendments thereto.
- Interface's Objections and Responses to CAF, Mohawk and Shaw's Sixth Set of Interrogatories in the '133 action, and all supplements and amendments thereto.
- Interface's Preliminary Disclosure of Infringement Contentions in the '133 action, and all supplements and amendments thereto.
- '656 Patent.
- Expert Report of James C. Gould, dated June 30, 2008, including documents set forth in Ex. C to the Gould Report.
- Supplemental Expert Report of Michael K. Milani, dated July 11, 2008, including documents set forth in Appendix B to the Milani Report.

## INTERROGATORY NO. 6:

Identify and describe in detail and with particularity all facts concerning Mohawk and Shaw's allegation that "Interface marketed the Marked Tiles to the public, including to prospective purchasers of the tiles and to architect and design firms, as being covered by one or more claims of the '656 Patent."

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6

Shaw objects to Interrogatory 6 as duplicative of Interrogatory 2. Shaw

further objects to this interrogatory on grounds that it is vague, overbroad, and

unduly burdensome to the extent it requires Shaw to identify and describe in detail
and with particularity all facts that support the above-stated allegation of its false
marking claim.  Shaw further objects to the extent the interrogatory calls for
information protected by the attorney-client, joint defense, or common interest
privileges, the attorney work-product doctrine, and any other applicable privilege
or immunity.  Subject to these and the foregoing General Objections, Shaw refers
Interface to its response to Interrogatory 2 and further responds that Interface
engaged in the marketing of falsely marked tiles to the public in various ways,
including but not limited to the following: selling falsely marked tiles that were in
fact conveyed to customers; disseminating marketing materials identifying non-
covered products as covered by the '656 Patent (see Response to Interrogatory No.
2 above, parts (v) and (w), and testimony of Scott Landa); upon information and
belief, offering the falsely marked products in response to customer bids calling for
products purporting to exhibits "orthogonal ambiguity" (see Response to
Interrogatory No. 2 above, parts (j), (x) and (y), and testimony of Scott Landa);
manufacturing and distributing sample tiles falsely marked with the '656 Patent;
and, upon information and belief, engaging in the verbal promotion of the falsely
marked styles as covered by the '656 Patent (see Response to Interrogatory No. 2
above, parts (u) and (w)).

12063636.doc

## INTERROGATORY NO. 10:

Identify and describe in detail and with particularity any manner in which you have suffered any adverse effect, including changing your position or refraining from some action, that is related to any of the "false marking" Mohawk and/or Shaw allege in this case.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:

Shaw objects to this interrogatory on the grounds that it is overbroad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence to the extent it requests Shaw to identify and describe and with

particularity any manner in which Shaw has suffered any adverse effect from

Interface's false marking.  Subject to and without waiving its general and specific

objections, Shaw responds that it is not presently aware of any specific instances in

which it has changed its position or refrained from some action as a result of

Interface's false marking of tiles with the '656 Patent.  Shaw further responds that

at least any instances where Interface attempted to win or ultimately won a

business opportunity either indirectly or directly as a result of its unlawful business

practices in the marketplace, including but not limited to the false marking of tiles

with the '656 Patent, were harmful to Shaw.  Shaw further responds that it has also

been harmed for the reasons set forth in the expert report of James C. Gould, dated

June 30, 2008.

**INTERROGATORY NO. 12:**

Identify and describe in detail and with particularity the location and/or entity that has possession of each and every individual Ancient Spiral, Biomorph, Boardwalk, Cabana, Footnotes, Kilim Motif, Oblique, Plain Weave, Refractions, Sale Mates, Spaced Out, Stroud, Symbiosis, and/or Tibetan Forest carpet tile that Mohawk and/or Shaw allege was falsely marked.

**AMENDED RESPONSE TO INTERROGATORY NO. 12:**

Shaw objects to Interrogatory 12 as substantially overbroad, unduly burdensome, in excess of the obligations required by the Rules of Civil Procedure, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it requests Shaw to identify the physical location of each and every tile that Interface has falsely marked with the '656 Patent. Shaw further objects to the interrogatory in that the information requested by Interface is more easily derived or ascertained by Interface instead of by Shaw, given that Interface manufactured and sold the falsely marked tiles in question.

Subject to and without waiving its general and specific objections, Shaw responds that it is presently aware of the following tiles falsely marked with the '656 Patent: (i) carpet tiles falsely marked with the '656 Patent at Interface's facilities in LaGrange, Georgia; (ii) carpet tiles falsely marked with the '656 Patent at the offices of Kilpatrick Stockton LLP in Atlanta, Georgia; (iii) carpet tiles falsely marked with the '656 Patent at the offices of Alston & Bird LLP in Atlanta,

Georgia; and (iv) all carpet tiles falsely marked with the '656 Patent identified in

the documents Bates labeled I000418, I0001972, and I0002004.

This 28th day of July, 2008.

/s/ Jack P. Smith III
Thad C. Kodish, Ga. Bar No. 427603
Nagendra Setty, Ga. Bar No. 636205
Jack P. Smith III, Ga. Bar No. 659999
FISH & RICHARDSON P.C.
1180 Peachtree St., 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002
Counsel for Shaw Industries, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| MOHAWK INDUSTRIES, INC. and SHAW INDUSTRIES, INC., *Plaintiffs*, <br><br> v. <br><br> INTERFACE, INC. <br><br> *Defendant*. | Civil Action No. <br><br> 4:07-CV-212-HLM |

<u>CERTIFICATE OF SERVICE</u>

I certify that I have this 28th day of July, 2008 served the foregoing Shaw Industries, Inc.'s Supplemental Responses to Interface, Inc.'s Interrogatories on all counsel of record by email and first-class U.S. mail:

Frank G. Smith, III, Esq. (by email)
Robin L. McGrath, Esq.
Wesley C. Achey, Esq.
Scott P. Amy, Esq.
Alston & Bird LLP
1201 W. Peachtree St.
Atlanta, GA 30309-3424
Counsel for Mohawk Industries, Inc.

Candice Decaire, Esq. (by email and U.S. Mail)
Matthew M. Lubozynski, Esq.
Kilpatrick Stockton LLP, Suite 2800
1100 Peachtree St.
Atlanta, GA 30309-4530
Counsel for Interface, Inc.

/s/ Jack P. Smith III<br>
Jack P. Smith III