IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| MOHAWK INDUSTRIES, INC. and<br><br>SHAW INDUSTRIES, INC.,<br><br>   *Plaintiffs,*<br><br> v.<br><br>INTERFACE, INC.<br><br>   *Defendant* | Civil Action No.<br><br>4:07-CV-212-HLM |

**INTERFACE'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
OPINIONS AND TESTIMONY OF MICHAEL MILANI**

Plaintiffs' Response is largely premised on the erroneous notion that the trier of fact is to determine the meaning of "offense" and the amount of any penalty. As Interface explained in its brief in support of this motion, as well as its brief in support of bifurcation,[1] it is the Court, not the jury, that must define "offense" under 35 U.S.C. § 292 and it is the Court, not the jury, that exercises its discretion to assess an appropriate penalty. Mr. Milani's testimony concerning penalty amounts is not relevant to the issues that are for the jury in this case

---

[1] *See* Mem. Law Supp. Mot. Exclude Opinions & Testimony of Michael Milani at 5 (Jan. 16, 2009), Dkt. 191; Def. Interface, Inc.'s Mem. Law Supp. Mot. to Bifurcate Trial at 3-4 (Jan. 16, 2009), Dkt. 185-2.

1

(*i.e.*, (1) whether Interface mismarked carpet tiles with the requisite purpose to deceive the public, and, if so, (2) for what period of time).  To the extent that Plaintiffs now argue that Mr. Milani's testimony about alternative numbers of "offenses" constitutes a basis for "inferring" the specific purpose to deceive the public required for "false marking," their contentions are both impermissible and inconsistent with the law.

Moreover, Mr. Milani's opinions do not survive scrutiny under Federal Rule of Evidence 702, which requires that expert opinion be grounded in reliable facts and methodology.  Plaintiffs contend that his opinions are reliable because they are grounded in the same types of analyses Mr. Milani applies in commercial damages cases.  This, however, is not a commercial damages case.  Further, Mr. Milani did not apply, and has not articulated, objective reliable bases for his choice of penalty calculation methods, his focus on "economic benefit" and "proportionality," nor his distinction between "punitive" and "destructive."

Finally, Plaintiffs' failure to produce all of the documents that Mr. Milani considered in connection with his engagement in this matter is not remedied by their attempt to characterize the omission as an unimportant "procedural" matter.  The Federal Rules require production of such materials for very good reasons – among them, potential prejudice to parties against whom an expert proposes to

testify. Plaintiffs' failure to adhere to the Rules and the consequent prejudice to Interface further justify excluding Mr. Milani's testimony.

### A. Plaintiffs Fundamentally Misconstrue the Role of the Jury.

Under Section 292, the definition of an "offense" and the determination of an appropriate penalty are for the Court. *See, e.g., A.G. Design & Assocs., LLC v. Trainman Lantern Co.*, No. C07-515RBL, 2009 WL 168544, at *3 (W.D. Wash. Jan. 23, 2009) ("The parties disagree as to what constitutes an 'offense' under 35 U.S.C. § 292; however this is an issue of law, not fact."); *see also Icon Health & Fitness, Inc. v. The Nautilus Group, Inc.*, No. 1:02 CV 109 TC, 2006 WL 753002, at, *2 (D. Utah Mar. 23, 2006); Def. Interface, Inc.'s Mem. Law Supp. Mot. to Bifurcate Trial at 3-4 (Jan. 16, 2009), Dkt. 185-2. The jury's role is limited to determining whether mismarking occurred and, if so, whether it was deliberately accomplished for the purpose of deceiving the public. Because it is the Court, not the jury, that must define "offense" under 35 U.S.C. § 292 and it is the Court, not the jury, that exercises its discretion to assess an appropriate penalty, Mr. Milani's testimony concerning penalty amounts is not relevant to the jury's deliberations.[2]

---

[2] Furthermore, as explained in Interface's Reply in Support of Motion to Bifurcate, an advisory verdict is neither necessary nor appropriate. *See* Interface's Reply Supp. Mot. Bifurcate at 6-7 (Feb. 19, 2009), Dkt. 214.

3

### B. Using Mr. Milani's Testimony to Infer Interface's Intent Is Impermissible.

Plaintiffs attempt to support admitting Mr. Milani's testimony by contending that the jury "could consider his testimony as evidence that Interface acted with intent to deceive" and "could infer culpable intent" based on the numbers of runs, orders, transactions, or individual tiles that they allege to be falsely marked. Resp. at 13-14. Offering Mr. Milani's "expert" testimony to prove Interface's alleged intent to deceive the public by mismarking carpet tile backing, however, is improper. As with Mr. Gould, Plaintiffs should not be permitted to cloak their legal argument about inferences they believe to be supported by the evidence in the mantle of "expert" testimony. Plaintiffs are free to argue what they will about the meaning of the number of carpet tiles allegedly falsely marked, but they are not entitled to present that argument as "expert" opinion.

Moreover, the inference Plaintiffs seek to draw from Mr. Milani's data on the volume of manufactured tiles, runs, customer transactions, and invoices is impermissible as a matter of law.[3] The law is clear – actionable "false marking" may not be inferred from the mere fact of mismarking. *See Clontech Labs., Inc. v.*

---

[3] Indeed, this proves Interface's point about prejudice. The danger of allowing Mr. Milani's opinions to the jury is that the jury might make just such an improper and unsupported inference of what the statute requires to be "purpose to deceive the public."

4

*Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005).  The statute requires both proof of mismarking <u>and</u> proof of a purpose to deceive the public by that mismarking.  35 U.S.C. § 292.

      **C.**    **Mr. Milani's Testimony Lacks the Requisite Methodological Bases Under Fed. R. Evid. 702.**

To be admitted, expert testimony must first meet the requirements of Fed. R. Evid. 702.  This allows such testimony only if "(1) the testimony is based upon sufficient facts and data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."  Fed. R. Evid. 702.

Here Mr. Milani identifies four "approaches" to imposition of a penalty in this case, but he provides no principled reason for selecting these four over the other conceivable methods of calculating a penalty.  More specifically, he provides no basis for rejecting the "one decision / one offense" approach that it appears his colleague advocated in the *Icon Health* case (in the report he received but has not produced, discussed below).  Nor does he provide a principled basis for choosing among the four "approaches" he identified.

Plaintiffs' argument that Mr. Milani's analyses should be admitted because they are "identical to the types of analysis [*sic*] he commonly performs when determining commercial damages," Resp. at 14, fundamentally misses the point.

Penalties under 35 U.S.C. § 292 are *not* commercial damages, and the Court's exercise of discretion to assess penalties is not equivalent to the fact-finding that attends a damages determination. Determining damages involves economic analysis of what is required to "make whole" a plaintiff or to ensure that a defendant disgorges unlawful gains. Determining a penalty under 35 U.S.C. § 292 involves defining a statutory offense and exercising judicial discretion to determine an appropriate penalty amount. Whatever expertise Mr. Milani may have in commercial damages assessment, it is not relevant to the Court's assessment of a penalty.

Plaintiffs also argue that the relevance and reliability of Mr. Milani's opinions are supported by his comparison of "the approximate fine associated with each scenario to the approximate economic benefit derived by Interface from its sale of the tiles."[4] Resp. at 16. However, this analysis exists in a vacuum. Mr. Milani has not explained why any "economic benefit derived by Interface" should factor into the penalty analysis, nor how the figures he chose represent a true

---

[4] This is contrary to Plaintiffs' position in their Memorandum of Law in Support of Their Motion in Limine to Exclude Evidence Concerning Commercial Benefit, where they argue that Interface should not be permitted to introduce any evidence relating to whether it achieved an economic benefit from the alleged false marking because such evidence would be irrelevant, misleading, and prejudicial to Plaintiffs. *See* Pls. Mem. Law Supp. Mot. in Limine Exclude Evidence Concerning Commercial Benefit at 6-9 (Feb. 13, 2009), Dkt. 212.

"economic benefit" attributable to the alleged false marking. Even assuming that "economic benefit" is properly considered in evaluating penalties, Mr. Milani provides no standard for determining how the penalty should be associated with what he has defined as the "approximate economic benefit derived by Interface." Among the many issues he has not addressed are whether or why the relevant "economic benefit" should be based on revenue, gross profit, net profit, or some other measure, and how much of any such amount can or should be attributed to the false marking and why. Without such a foundation for his opinion, Mr. Milani's testimony does not meet the requirements of Rule 702 and should be excluded.

### D. Failure to Produce All of the Materials That Mr. Milani Considered Further Justifies Excluding His Opinions.

Interface's contention that Mr. Milani's opinions should be excluded because he failed to produce relevant documents that he "considered" is not, as Plaintiffs would have it, some "procedural game of 'gotcha.'" Resp. at 17. Plaintiffs were well-aware of Interface's position that failure to disclose these

documents justified exclusion of Mr. Milani's opinions.[5]  While Interface chose not to burden the Court with yet another discovery motion in this matter, Interface expressly informed Plaintiffs that it was reserving its right to move to exclude Mr. Milani.

Interface is not arguing some meaningless procedural technicality.  The plain language of Rule 26 and applicable precedent make it clear that *all* documents considered by an expert must be produced.  Rule 37(c)(1) mandates exclusion for failure to disclose such materials, unless Plaintiffs can show that their failure to disclose was substantially justified or harmless.[6]  *See Burney v. Rheem Mfg. Co.*,

---

[5]  *See, e.g.*, Letter from Matthew Lubozynski to Scott Amy (July 31, 2008), attached as Ex. F to Interface's Memorandum of Law in Support of Motion to Exclude Opinions and Testimony of Michael Milani, Dkt. 191; Letter from Matthew Lubozynski to Frank Smith (July 22, 2008), attached as Ex. J to Interface's Memorandum of Law in Support of Motion to Exclude Opinions and Testimony of Michael Milani, Dkt. 191.

[6]  "Policy considerations support this interpretation of the 1993 amendments to Rule 26.  Courts must be careful to not allow the testifying expert's opinion to be a conduit for the attorney's opinion or allow the testifying expert to be influenced by the attorney or non-testifying experts.  Without discovery of these types of materials, there would not be the opportunity for a full and fair cross-examination of the expert witness.  Last, the 'bright-line' application of this rule affords the parties and their counsel the opportunity to know before trial what materials are discoverable."  *Tri State Outdoor Media Group, Inc. v. Official Comm. of Unsecured Creditors (In re Tri-State Outdoor Media Group, Inc.)*, 283 B.R. 358, 365 (Bankr. M.D. Ga. 2002) (citations and internal quotation marks omitted).

196 F.R.D. 659, 691 n.29 (M.D. Ala. 2000)[7] ("The sanction of exclusion is thus automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.") (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)). *See also* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial . . ."). Plaintiffs have not sustained this burden.

Mr. Milani is recommending to this Court that penalties of over twenty (20) million dollars should be assessed against Interface. Interface's entitlement to a full and probing cross-examination of Mr. Milani, especially with respect to the materials he considered in connection with his opinions, is no trivial matter. The importance of the reports which were not disclosed to Interface is highlighted by the fact that they appear to have disfavored the "per product" approach Mr. Milani used to justify his proposed $20,000,000 penalty.

As discussed in Interface's initial brief in support of this motion, neither Plaintiffs nor Mr. Milani can plausibly argue that they were "substantially justified" in failing to adhere to the requirements of Rule 26. Plaintiffs have the benefit of experienced litigation counsel and Mr. Milani is a professional litigation

---

[7] This case was cited by Plaintiffs in support of their response to Interface's Motion to Exclude Michael Milani.

expert. Both were well aware of their obligations at the outset of Mr. Milani's engagement, and both are presumably aware that the disclosure requirement of Rule 26 trumps claims of privilege or protection that otherwise might shield information considered by a testifying expert.[8]

Likewise, Plaintiffs cannot plausibly argue that failure to disclose the reports is harmless because "the substance of those reports [] is almost entirely, set forth in the published *Icon Health* opinion itself." Resp. at 21. Plaintiffs have not seen the reports at issue and do not know what they contain. Moreover, Plaintiffs cannot properly rely on Mr. Milani's representations to show that disclosures in the *Icon Health* opinion obviate the need to disclose the actual reports. *Cf. Romala Stone, Inc. v. Home Depot U.S.A., Inc.,* Civil Action No. 1:04-CV-02307-RWS, 2008 WL 4377445, at *5 (N.D. Ga. Sept. 19, 2008) ("[T]he burden of showing that an expert did not consider certain documents in forming his opinion . . . cannot generally be satisfied by the expert's representation alone.") (internal quotation marks and citation omitted).

---

[8] Plaintiffs' attempts to justify their failure to disclose by citing to Mr. Hosfield's testimony are misleading and beside the point. The questions they asked Mr. Hosfield related to reports Mr. Hosfield had previously written in other cases – reports that were neither related to false marking nor considered by Mr. Hosfield in connection with his opinions in this matter. Hosfield Dep. 28:3-33:8, 64:16-24 (Aug. 21, 2008) attached as Ex. A.

Mr. Milani's statements that he only sought the reports as a "go-by" and did not "rely" on them is likewise unavailing. The test is not whether an expert "relied" on the documents, but rather, whether the documents in question were "considered." *See In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001) ("[T]he 1993 amendments to Rule 26 of the Federal Rules of Civil Procedure make clear that documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, <u>whether or not the expert relies</u> on the documents and information in preparing his report.") (emphasis added); *Stephens v. Trust for Pub. Land*, 475 F. Supp. 2d 1299, 1306 (N.D. Ga. 2007) (defining "considered" as "all documents and information disclosed to a testifying expert in connection with his testimony . . ., whether or not the expert relies on the documents and information in preparing his report.") (internal quotation marks and citation omitted). Mr. Milani clearly "considered" the documents at issue and therefore they were required to be produced. Because neither Mr. Milani nor Plaintiffs have produced those materials, Interface respectfully submits that Mr. Milani's testimony must be excluded.

## C.   CONCLUSION

For all of the reasons set out above and in Interface's initial brief in support of its motion, Interface respectfully requests that the Court grant its motion and exclude the testimony and opinions of Mr. Michael Milani.

Respectfully submitted, this 20th day of February, 2009.

|  |  |
|---|---|
| | s/ Candice C. Decaire |
| | WILLIAM H. BOICE |
| | Georgia Bar No. 065725 |
| | STEVEN D. MOORE |
| OF COUNSEL: | Georgia Bar No. 520745 |
| | CANDICE C. DECAIRE |
| KEVIN C. GALLAGHER | Georgia Bar No. 209815 |
| Georgia Bar No. 282855 | MATTHEW M. LUBOZYNSKI |
| INTERFACE, INC. | Georgia Bar No. 140968 |
| Suite 2000 | KILPATRICK STOCKTON LLP |
| 2859 Paces Ferry Rd. | 1100 Peachtree Street, Suite 2800 |
| Atlanta, Georgia  30339 | Atlanta, Georgia  30309-4530 |
| (770) 437-6867 | Phone: (404) 815-6500 |
| | Fax: (404) 815-6555 |
| | |
| | ATTORNEYS FOR INTERFACE, INC. |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| MOHAWK INDUSTRIES, INC. and SHAW INDUSTRIES, INC., | ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 4:07-CV-212-HLM |
| Plaintiffs, | | |
| v. | | |
| INTERFACE, INC., | | |
| Defendant. | | |

## LOCAL RULE 7.1(D) CERTIFICATION

Counsel for the Defendant hereby certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(B).

s/ Candice C. Decaire
Candice C. Decaire


Attorney for Interface

## **CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing DEFENDANT INTERFACE'S REPLY IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND TESTIMONY OF MICHAEL MILANI with the Clerk of Court using the CM/ECF system, which will automatically send email documentation of such filing to the following attorneys of record:

| | |
|---|---|
| Robin Lynn McGrath | rmcgrath@alston.com |
| Frank Garrett Smith, III | fsmith@alston.com |
| Wesley Achey | wachey@alston.com |
| Nagendra Setty | nsetty@fr.com |
| Thad Kodish | tkodish@fr.com |
| Jack P. Smith | jay.smith@fr.com |

This 20th day of February, 2009.

KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia  30309-4530
Phone:     (404) 815-6500
Fax:  (404) 815-6555
cdecaire@kilpatrickstockton.com

s/ Candice C. Decaire
Candice C. Decaire
Georgia Bar No. 209815

ATTORNEY FOR INTERFACE

US2000 11248845.1